■ In the Matter of SAMUEL FINKELSTEIN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of appellant's determination, dated July 30, 1975 and made after a hearing, as, upon a finding that petitioner-respondent was guilty of certain misconduct, dismissed him from his position as a chief surface line dispatcher, the appeal is from a judgment of the Supreme Court, Kings County, dated July 19, 1976, which, *inter alia,* granted the petition to the extent of annulling the punishment imposed and substituting therefor the punishment of a one-year suspension without pay. Judgment affirmed, with costs, on the opinion of Mr. Justice Jones at Special Term. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

■ In the Matter of the J. CHILDREN. ROBERT J. , Appellant; J. HENRY SMITH, as Commissioner of Social Services of the City of New York, Respondent.—In a proceeding pursuant to article 10 of the Family Court Act to declare a child to be abused or neglected, the appeals are from (1) an order of the Family Court, Kings County, dated October 21, 1975, which, upon a finding made after a hearing that the child was abused or neglected, placed him in the custody of the Commissioner of Social Services, (2) an order of the Family Court, New York County, dated January 27, 1976, which vacated the prior disposition and (3) an order of the Family Court, Kings County, dated March 22, 1976, which adhered to the original determination with respect to disposition. Orders affirmed, without costs or disbursements. Petitioner sustained his burden of proving the child was abused. Although the father was separated from the child at the time of the incident, he had sufficient contact to be held responsible for the child's injuries. In addition there will soon be a new hearing at which he can prove his present fitness to assume his parental obligations. We do not believe it to be in the best interests of the child, at the present time, to remove him from his foster parents' home. The child was only a year old when it was placed in the foster home, the only stable environment he has ever known. Religious placement, although desirable, is not mandatory; the best interests of the child are the controlling factor (see *Matter of Dickens v Ernesto,* 30 NY2d 61). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.